IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL RHYMES PETTY,

                Plaintiff,

  v.                                                ORDER

BEST WESTERN HOTEL and MANAGER JANE DOE,        24-cv-70-wmc

                Defendants.

---

Plaintiff Daniel Rhymes Petty, who is representing himself, has filed a lawsuit alleging that he was injured after slipping and falling on ice in a Best Western parking lot in Wisconsin Dells, Wisconsin.  Because Petty is proceeding without paying the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e).  In a previous order, the court explained that it likely lacked subject matter jurisdiction over this case because his slip and fall claim is a state law claim, not a federal claim, which means that this court has jurisdiction over the case only if diversity jurisdiction exists under 28 U.S.C. § 1332.  Under that statute, jurisdiction exists if (1) the amount in controversy exceeds $75,000 and (2) the parties are of diverse citizenship, meaning that no plaintiff may be from the same state as any defendant. *Smart v. Local 702 Int'l Bhd. Of Elec. Worker*s, 562 F.3d 798, 803 (7th Cir. 2009).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for lack of jurisdiction.  *Id.*

        The court dismissed Petty's original complaint because he was attempting to sue "Best Western Hotel" in Wisconsin Dells and the Jane Doe manager, both of whom were likely

citizens of Wisconsin, like Petty is. However, the court gave Petty the opportunity to file an amended complaint that clarified the citizenship of the parties.

Petty has now responded, confirming that he, the Best Western Hotel, and Jane Doe manager are all citizens of Wisconsin. (Dkt. #10.) However, he argues that this court has subject matter jurisdiction because he is bringing a federal claim under 42 U.S.C. § 1983 and the Fourteenth Amendment against defendants. However, "[b]ecause § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). Nothing about plaintiff's allegations support his assertion that defendants were "acting under the color of state law." Rather, his allegations confirm that defendants' acts or omissions were non-governmental in nature. Accordingly, plaintiff cannot proceed on a § 1983 or constitutional claim against defendants, and his state law claim must be filed in state court.

ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment and dismiss this case.

Entered June 26, 2025.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge